**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.     19-cr-00237-CMA

UNITED STATES OF AMERICA,

　　　Plaintiff,

v.

　1.  DAVID KAPLAN,

　　　Defendant.

---

**INDICTMENT**

---

The GRAND JURY charges that:

At all times relevant hereto:

**The Defendant**

　　1.  The defendant, DAVID KAPLAN (sometimes referred to herein as "KAPLAN") was an attorney licensed in the state of California; and between 2005 and 2006, was a stock broker licensed with the United States Securities and Exchange Commission ("SEC") and the Financial Industry Regulatory Authority ("FINRA").

**The Entities**

　　2.  **Synchronized Organizational Solutions LLC ("SOS").** In or around August 2006, KAPLAN, as President, Manager and Founder formed SOS and began doing business as a limited liability company pursuant to the laws of the state of Nevada. Similarly, around October 2006, KAPLAN formed SOS as a limited liability company

1

pursuant to the laws of the state of Washington, wherein KAPLAN designated himself as the President and "sole managing member" of SOS. SOS's authority to do business in Washington was revoked on February 1, 2012.

3. **Synchronized Organizational Solutions International LTD ("SOS-I").**
Around March 9, 2010, SOS-I was formed and incorporated pursuant to the laws of the country of Belize. Upon formation, SOS-I designated KAPLAN as its Director and issued to KAPLAN all its shares of stock, in an amount of 50,000 shares. In January, 2015, KAPLAN transferred as the "Transferor" all 50,000 shares of SOS-I stock to Manna International Enterprises Inc., which KAPLAN received as an "Authorized representative" of the "Transferee." Around May 2015, KAPLAN acting as President and Secretary of a similarly-named entity, "Synchronized Organizational Solutions International S.A.," incorporated pursuant to the laws of the Republic of Panama, issued himself 10,000 shares of that company's stock.

4. **The Water-Walking Foundation, Inc.**  In February 2007, KAPLAN, as an incorporator, created the Water Walking Foundation as a non-profit corporation pursuant to the laws of the state of Washington, designated himself as the Chairman of the Board of Directors and President,  and further designated the corporation's purpose in part was "…organized for exclusively religious, charitable, educational and scientific purposes…".Further, in its statement of purpose, the corporation and its directors represent "No part of the net earnings of the corporation shall inure to the benefit of, or be distributable to its members, trustees, officers, or other private persons, except that the organization shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the

purposes set forth in the purpose clause hereof." As President and Chairman, in August 2007, KAPLAN described the affairs the corporation was conducting in Washington as "regional and spiritual support to society- enriching causes in Washington." As President and Chairman, in July 2010, KAPLAN described the affairs the corporation was conducting in Washington as "supporting non-profit endeavors that improve education or assist women, children and impoverished persons." Around April 2012, as President, KAPLAN described the purpose of the corporation as "Religious, and to provide financial support to humanitarian projects regionally, nationally and throughout the globe." Around March 2014, as President, KAPLAN described the purpose of the corporation as "Charitable." In April 2015, KAPLAN, as Chairman and President, submitted Articles of Dissolution for the Water-Walking Foundation in Washington. Thereafter, around June 2015, KAPLAN formed The Water-Walking Foundation, Inc. as a nonprofit corporation pursuant to the laws of the state of Nevada, and designated its purpose in part was "…organized for exclusively religious, charitable, educational and scientific purposes…" Further, in its statement of purpose, the corporation and its directors represent "No part of the net earnings of the corporation shall inure to the benefit of, or be distributable to its members, trustees, officers, or other private persons, except that the organization shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in the purpose clause hereof." In November 2015, KAPLAN acting as President and authorized representative of the corporation, designated his wife as the Secretary and Treasurer of the corporation, and represented the corporation did not intend to solicit charitable/tax deductible contributions.

5.   **Manna International Enterprises, Inc.** Around January 2015, KAPLAN formed Manna International Enterprises, Inc. pursuant to the laws of the state of Nevada. He designated himself as the President, Secretary, Treasurer, and sole Director of the entity. On December 31, 2017, KAPLAN dissolved Manna International Enterprises, Inc.

6.   **Manna Investments LLC.**  Around June 2007, Manna Investments LLC was organized as a limited liability company pursuant to the laws of the state of Nevada. KAPLAN was designated manager of that entity. Around August 2007, KAPLAN filed a consent as "President of Manna Investments, LLC" to allow "David B. Kaplan, General Partner of Manna Investments, LP to use the name Manna Investments, LP."

7.   **Manna Investments L.P.** In August 2007, KAPLAN established Manna Investments L.P. as a limited partnership pursuant to the laws of the state of Nevada and designated himself as the lone general partner. In December 2007, KAPLAN replaced himself as the sole general partner of Manna Investments L.P. with "Manna Investments LLC" as the sole general partner.

8.   **Global Paymasters, LLC**. (sometimes referred to herein as "Global Paymasters"). Around October 2008, KAPLAN organized Global Paymasters, LLC as a limited liability company pursuant to the laws of the state of Nevada. KAPLAN was the sole designated manager of that entity.

### The Accounts

9.   JP Morgan Chase account number xxxxx2377 was held in the names of Global Paymasters or David Kaplan, and David Kaplan Attorney at Law, and was an Interest on Attorney Trust Account ("IOLTA" herein) controlled by defendant KAPLAN.

4

10. JP Morgan Chase account number xxxxx3993 was held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN.

11. Citi Bank account number xxxxx7757 was held in the name of Manna International Enterprises Inc. and controlled by defendant KAPLAN.

12. Wells Fargo account number xxxxxx9129 was held in the name of Manna International Enterprises Inc. and controlled by defendant KAPLAN.

13. Bank of America account number xxxx4100 was held in the name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN.

14. Wells Fargo account number xxxxxx1423 was an Interest on Attorney Trust Account ("IOLTA" herein) held and controlled by David B. Kaplan dba David B. Kaplan Attorney at Law.

15. Wells Fargo account number xxxxxx2016 was held in the names of L.K. and David Kaplan.

16. Wells Fargo account number xxxxxx5045 was held in the name of The Water-Walking Foundation Inc. and controlled by defendant KAPLAN and L.K.

17. Spokane Teacher's Credit Union account number xxxxxx2526 was held in the names of L.K. and defendant KAPLAN.

18. JP Morgan Chase account number xxxxx0557 was held in the name of David Kaplan and controlled by defendant KAPLAN.

19. Wells Fargo account number xxxxxx7815 was held in the name of David Kaplan and controlled by defendant KAPLAN.

20. Banner Bank account number xxxxxxx0889 was held in the names of L.K. and David Kaplan.

21. Wells Fargo account number xxxxxx9299 was held in the names of L.K. and David Kaplan.

22. Citi Bank account number xxxxx7740 was held in the name of Manna International Enterprises Inc. and controlled by defendant KAPLAN.

## The Scheme

23. Beginning around September 2014 and continuing until around April 2016, in the State and District of Colorado and elsewhere, defendant DAVID KAPLAN ("KAPLAN") devised and intended to devise a scheme to defraud and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises by obtaining from investors monies which he represented to invest risk-free in off-shore investments with a sometimes guaranteed return on investment of 10% per month (an annual rate of return equivalent to 120%) (herein referred to as "the Scheme").  It was part of the Scheme that:

24. From at least 2007 through around February 2018, defendant KAPLAN held himself out to investors to be the Principal and Founding Director of Synchronized Organizational Solutions LLC ("SOS") and Synchronized Organizational Solutions International ("SOS-I"); Defendant KAPLAN operated SOS in Washington and Nevada, and operated SOS-I in Belize, among other places.

25. From at least 2007 through around February 2018, defendant KAPLAN held himself out to investors to be the president and a benefactor for several charitable organizations that he controlled, including The Water-Walking Foundation, Manna International Enterprises, Inc., and Manna Investments L.P.

26. From around June 2014 through around April 2016, defendant KAPLAN

solicited and promoted to investors and intermediaries a program, which was evidenced by an agreement that constituted a security, through which investor money would be invested overseas.

27. From around June 2014 through around April 2016, defendant KAPLAN represented that investors' principal would not be at risk, and sometimes represented that these monies would be held in trust.

28. From around June 2014 through late 2015, defendant KAPLAN described to investors and intermediaries that investors would receive returns of around 10% per month on the amounts invested.

29. From in or about 2014 through around 2015, defendant KAPLAN used his position as an attorney to gain the trust of investors and thereafter used his attorney trust account ("Interest on Attorney Trust Account" sometimes referred to as "IOLTA" account) to create the pretense that investor monies were held in trust.

30. From around September 2014 through around September 2015, defendant KAPLAN obtained more than $12,000,000.00 from investors for the investment scheme, from investors in states like Colorado, North Carolina, Tennessee, Utah, and Virginia from which he diverted over $2,000,000.00 for his own use.

31. From around December 2014 through April 2016, defendant KAPLAN made payments via wires and mails, including common carriers, in order to lull investors into a sense of legitimacy and to encourage the recruitment of additional investors; these "lulling payments" were the approximate equivalent of 10% per month on the amounts invested.

32. From around March 2015 through around December 2015, defendant

KAPLAN made payments, to himself and others for personal expenses, from accounts he controlled, in which proceeds of the scheme were deposited.

33.  From around May 2015 through around February 2016, defendant KAPLAN made payments to entities, corporations and foundations from accounts he controlled, which were proceeds of the scheme.

34. From around February 2015 through around April 2016, defendant KAPLAN represented to investors numerous false excuses for why he was unable to continue the payment of promised returns, or return the principal investment amount he falsely represented was not at risk.

35. For purposes of executing the Scheme, defendant KAPLAN used, and caused to be used, a number of interstate wires, signals and writings, including emails and money transfers.

36. For purposes of executing the Scheme, defendant KAPLAN used, and caused to be used the mail, and other common carriers in interstate commerce.

## MATERIAL OMISSIONS

37. Defendant KAPLAN never disclosed he would receive a financial benefit from the investment.

38. Defendant KAPLAN never disclosed the terms of his compensation.

39. Defendant KAPLAN never disclosed costs or fees related to the investment.

40. Defendant KAPLAN never disclosed that he would divert investor monies for his personal benefit through entities he controlled.

41. Defendant KAPLAN never disclosed the identity of the "Fiduciary" to investors, despite being asked by investors for that information.

8

42. Defendant KAPLAN never disclosed the pertinent risks, including risks with international investments, associated with the securities.

43. Defendant KAPLAN never disclosed his relationship with purported beneficiaries of investor funds, including the entities described above.

### COUNTS 1-7
### Securities Fraud
### (15 U.S.C. § § 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2)

44. The allegations contained in paragraphs 1 through 43 of this Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

45. From at least in or about May 2014 and continuing until at least in or about May 2016, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, and elsewhere, the defendant,

**DAVID KAPLAN,**

with others known and unknown to the Grand Jury, willfully and knowingly, by the use of means and instrumentalities of interstate commerce, and the mails, did aid, abet, counsel, induce, and cause others to, directly and indirectly use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon other persons and entities, all in connection with the sale of securities

9

evidenced by instruments titled "Private Investment Agreement" and "Joint Venture Investment Agreement."

46. On or about the dates set forth below, as to each of the enumerated Counts, in the State and District of Colorado, and elsewhere, by use of the means or instrumentalities of interstate commerce, and in furtherance of this scheme to defraud and course of business, the defendant, DAVID KAPLAN, did aid and abet, and counsel and induce the following securities transactions to be executed in accounts he controlled:

| Count | Date | Securities Transaction |
|-------|------|------------------------|
| 1 | July 2014 | Execution of "Private Investment Agreement" between R.T. and SOS-I Ltd. by defendant KAPLAN. |
| 2 | September 2014 | Execution of "Joint Venture Investment Agreement" between  J.S. and SOS-I Ltd. by defendant KAPLAN. |
| 3 | December 2014 | Execution of "Joint Venture Investment Agreement" between  R.M. and SOS-I Ltd. by defendant KAPLAN. |
| 4 | December 2014 | Execution of "Joint Venture Investment Agreement" between  J.D. and M.D. and SOS-I Ltd. by defendant KAPLAN. |
| 5 | January 2015 | Execution of "Joint Venture Investment Agreement" between  M.H. and SOS-I Ltd. by defendant KAPLAN. |
| 6 | April 2015 | Execution of "Joint Venture Investment Agreement" between BFISNT and SOS-I Ltd. by defendant KAPLAN. |
| 7 | June 2015 | Execution of "Joint Venture Investment Agreement" between J.B. and SOS-I Ltd. by defendant KAPLAN. |

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5 [Rule 10b-5]; and Title 18, United States Code, Section 2.

### COUNTS 8-43
### Wire Fraud
### (18 U.S.C. § 1343)

47. The allegations contained in paragraphs 1 through 36 of this Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

48. On or about the dates set forth below, in the State and District of Colorado, and elsewhere, the defendant,

**DAVID KAPLAN,**

for the purpose of executing the scheme described above in paragraphs 23 through 36 of this Indictment, caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, certain writings, signs, signals, and pictures, as set forth below:

***Investor Payments***

| COUNT | "On or about" date (transaction posted) | Transaction (Description) |
|---|---|---|
| **David Kaplan Attorney at Law (formerly Global Paymasters)** | | |
| 8 | 09/10/2014 | Electronic Transfer of Funds (ETF) of **$60,000.00** from R.T. received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 9 | 12/23/2014 | Wire of **$130,000.00** from R.M. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |

| 10 | 12/23/2014 | Wire of **$523,992.05** from R.T. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 11 | 12/23/2014 | Wire of **$900,000.00** from R.T. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 12 | 01/21/2015 | Wire of **$55,465.00** from Attractonomics and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 13 | 01/22/2015 | Wire of **$400,000.00** from S.I. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 14 | 01/22/2015 | Wire of **$866,000.00** from J.D. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 15 | 02/19/2015 | Wire of **$275,000.**00 from S.I. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 16 | 02/20/2015 | Wire of **$50,000.00** from R.M. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 17 | 03/19/2015 | Wire of **$83,000.00** from Attractonomics and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 18 | 03/20/2015 | Wire of **$388,000.00** from S.I. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 19 | 04/07/2015 | Wire of **$100,000.00** from B.F.I.S.N.T. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 20 | 04/21/2015 | Wire of **$138,000.00** from Attractonomics and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 21 | 04/21/2015 | Wire of **$115,000.00** from R.T. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |
| 22 | 04/21/2015 | Electronic transfer of **$490,000.00** from J.D. and received at JP Morgan Chase account number xxxxx2377, held in the name of Global Paymasters and controlled by defendant KAPLAN. |

| 23 | 04/22/2015 | Wire of **$800,000.00** from S.I. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 24 | 04/22/2015 | Wire of **$710,000.00** from J.D. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 25 | 04/27/2015 | Wire of **$100,000.00** from R.T. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 26 | 05/21/2015 | Wire of **$105,050.00** from Attractonomics and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 27 | 05/21/2015 | Wire of **$259,200.00** from S.I. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 28 | 05/22/2015 | Wire of **$15,000.00** from Attractonomics and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 29 | 05/26/2015 | Wire of **$125,000.00** from R.T. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 30 | 05/26/2015 | Electronic transfer of **$1,070,000.00** from J.D. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 31 | 06/15/2015 | Wire of $**100,000.00** from R.B. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 32 | 06/18/2015 | Electronic transfer of **$312,391.00** from S.I. and received by JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 33 | 06/18/2015 | Wire of **$113,200.00** from R.T. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |

| 34 | 07/15/2015 | Electronic transfer of **$275,902.00** from S.I. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 35 | 07/22/2015 | Wire of **$76,000.00** from Attractonomics and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 36 | 08/20/2015 | Wire of **$44,000.00** from Attractonomics and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 37 | 08/20/2015 | Electronic transfer of **$262,710.00** from S.I. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 38 | 08/20/2015 | Wire of **$300,000.00** from R.T. and received at JP Morgan Chase account number xxxxx2377, held in the name of David Kaplan Attorney at Law (formerly Global Paymasters) and controlled by defendant KAPLAN. |
| 39 | 09/09/2015 | Wire of **$100,000.00** from B.F.I.S.N.T. and received at Wells Fargo account number xxxxxx1423, held in the name of David Kaplan Attorney at Law and controlled by defendant KAPLAN. |
| 40 | 09/14/2015 | Wire of **$100,000.00** from J.B. and received at Wells Fargo account number xxxxxx1423, held in the name of David Kaplan Attorney at Law and controlled by defendant KAPLAN. |
| | **Manna International Enterprises Inc.** | |
| 41 | 03/23/2015 | Wire of **$200,000.00** from R.T. and received at Citi Bank account number xxxxx7757, held in the name of Manna International Enterprises Inc. and controlled by defendant KAPLAN. |
| | **Synchronized Organization Solutions LLC** | |
| 42 | 12/15/2014 | Wire of **$30,000.00** from R.T. and received at JP Morgan Chase account number xxxxx3993, held in the name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN. |
| 43 | 02/24/2015 | Wire of **$115,000.00** from R.T. and received at JP Morgan Chase account number xxxxx3993, held in the name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN. |

In violation of Title 18, United States Code, Section 1343.

## COUNTS 44-52
### Mail Fraud
### (18 U.S.C. § 1341)

49. The allegations contained in paragraphs 1 through 36 of this Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

50. On or about the following dates, in the State and District of Colorado, and elsewhere, the defendant,

**DAVID KAPLAN,**

for the purpose of executing the scheme described above in paragraphs 23 through 36 of the Indictment, knowingly caused to be delivered by United States mail, and by private and commercial interstate carrier, according to the directions thereon, the following matters:

| COUNT | "On or about" Date | Description of Item Delivered |
|---|---|---|
| 44 | 02/20/2015 | Payment of **$13,000.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, with check number 1039 payable to R.M. with memo line stating "JAN '15 Trade Profits". |
| 45 | 03/13/2015 | Payment of **$13,000.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, with check number 1057 payable to R.M. with memo line stating "FEB '15 Trade Profits". |

| 46 | 04/20/2015 | Payment of **$18,000.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, with check number 1065 payable to R.M. with memo line stating "March '15 Trade Profits". |
| 47 | 05/12/2015 | Payment of **$18,000.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, with check number 1079 payable to R.M. with memo line stating "April '15 Trade Profits". |
| 48 | 01/12/2015 | Payment of **$13,800.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, with check number 1026 payable to Attractonomics with memo line stating "Dec '14 Profits w/ SOSI Ltd." |
| 49 | 02/17/2015 | Payment of **$13,800.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, with check number 1034 payable to Attractonomics with memo line stating "Jan '15 Trade Profits". |
| 50 | 03/12/2015 | Payment of **$19,345.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, with check number 1051 payable to Attractonomics with memo line stating "Feb '15 Trade Profits". |
| 51 | 04/08/2015 | Payment of **$19,345.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, with check number 1059 payable to |

| | | Attractonomics with memo line stating "March '15 Trade Profits". |
|---|---|---|
| 52 | 05/05/2015 | Payment of **$27,645.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, with check number 1072 payable to Attractonomics with memo line stating "April '15 trade profits". |

All in violation of Title 18, United States Code, Section 1341.

## <u>COUNTS 53-71</u>
## Money Laundering: Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity
## (18 U.S.C. § 1957)

51. The allegations contained in paragraphs 1 through 43 of this Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

52.  On or about the dates alleged below as to each count, in the State and District of Colorado, and elsewhere, the defendant,

**DAVID KAPLAN,**

did knowingly engage and attempt to engage in a monetary transaction affecting interstate or foreign commerce, or by, through or to a financial institution, in criminally derived property of a value greater than $10,000, which property was derived from specified unlawful activity, namely, Securities Fraud, Wire Fraud and Mail Fraud offenses, in violation of Title 15 U.S.C. § § 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, and Title 18, United States Code, Sections 2, 1343 and 1341, as described below:

***LULLING PAYMENTS***

| COUNT | "On or about" date (transaction posted) | Transaction (Description) |
|---|---|---|
| 53 | 06/02/2015 | Online payment of **$18,000.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, to R.M. |
| 54 | 07/06/2015 | Online payment of **$18,000.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, to R.M. |
| 55 | 08/06/2015 | Online payment of **$18,000.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, to R.M. |
| 56 | 09/01/2015 | Online payment of **$18,000.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, to R.M. |
| 57 | 06/03/2015 | Online payment of **$58,295.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, to a Bank of the West account held in the name of Attractonomics. |
| 58 | 07/06/2015 | Online payment of **$70,300.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, to a Bank of the West account held in the name of Attractonomics. |
| 59 | 08/07/2015 | Online payment of **$70,300.00** from JP Morgan Chase account number xxxxx3993, held in name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, to a Bank of the West account held in the name of Attractonomics. |
| 60 | 09/02/2015 | Online payment of **$77,900.00** from JP Morgan Chase account number xxxxx3993, held in name of |

| | | Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, to a Bank of the West account held in the name of Attractonomics. |
| 61 | 04/01/2016 | Wire transfer of **$19,150.00** from Wells Fargo account number xxxxxx9129, held in the name of Manna International Enterprises Inc and controlled by defendant KAPLAN, to US Bank account, held in the name of Attractonomics. |
| 62 | 04/04/2016 | Wire transfer of **$16,000.00** from Wells Fargo account number xxxxxx9129, held in the name of Manna International Enterprises Inc and controlled by defendant KAPLAN, to US Bank account, held in the name of Attractonomics. |

### _PERSONAL EXPENDITURES_

| COUNT | "On or about" date (transaction posted) | Transaction (Description) | Amount |
|---|---|---|---|
| 63 | 03/13/2015 | Payment from the Spokane Teacher Credit Union account number xxxxxx2526, held in the names of defendant KAPLAN and L.K., with check number 2460, payable to First Centennial Title Co. with the description of '1314-b Cave Rock villas.' | $ 45,000.00 |
| 64 | 04/22/2015 | Payment from Bank of America account number xxxx4100, held in the name of Synchronized Organizational Solutions LLC and controlled by defendant KAPLAN, payable to First Centennial Title with the description of 'Escrow #209596DR Kaplan.' | $ 335,764.75 |

**_EXPENDITURES THROUGH PURPORTED CHARITABLE ENTITIES_**

| COUNT | "On or about" date (transaction posted) | Transaction (Description) | Amount |
|-------|------------------------|---------------------------|--------|
| 65 | 05/14/2015 | Transfer from Wells Fargo account number xxxxxx9129, held in the name of Manna International Enterprises Inc. and controlled by defendant KAPLAN to L Kaplan checking account with transfer memo "for Cave Rock Condo Remodel Expenses." | $ 50,000.00 |
| 66 | 09/30/2015 | Payment from Wells Fargo account number xxxxxx9129, held in the name of Manna International Enterprises Inc. and controlled by defendant KAPLAN, by wire transfer to Elite Consultants Ltd. | $ 23,824.26 |
| 67 | 09/30/2015 | Payment from Wells Fargo account number xxxxxx9129, held in the name of Manna International Enterprises Inc. and controlled by defendant KAPLAN, by wire transfer to Law Office of L.C.-C. | $ 11,500.00 |
| 68 | 10/13/2015 | Payment from Wells Fargo account number xxxxxx5045, held in the name of The Water-Walking Foundation and controlled by defendant KAPLAN and Lisa Kaplan, by wire transfer to Samaritan Strategy. | $ 13,760.00 |
| 69 | 01/29/2016 | Payment from Wells Fargo account number xxxxxx9129, held in the name of Manna International Enterprises Inc and controlled by defendant KAPLAN, by wire transfer to Lookatyou Inc. | $ 25,000.00 |
| 70 | 02/18/2016 | Transfer from Wells Fargo account number xxxxxx9129, held in the name of Manna International Enterprises Inc. and controlled by defendant KAPLAN to "BANK OF AMERICA NA CHK XXXX4100 D. KAPLAN TRANSFER TO BOFA BUS ACCT." | $ 15,000.00 |
| 71 | 02/25/2016 | Payment from Wells Fargo account number xxxxxx9129, held in the name of Manna International Enterprises Inc and controlled by defendant KAPLAN, by wire transfer to Law Office of L.C.-C. | $ 79,394.00 |

All in violation of Title 18, United States Code, Section 1957.

A TRUE BILL:


Ink signature on file in Clerk's Office
FOREPERSON


JASON R. DUNN
UNITED STATES ATTORNEY

s/Jaime A. Pena
By: Jaime A. Pena
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0409
jaime.pena@usdoj.gov



s/Tim Neff
By: Tim Neff
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0409
Tim.neff@usdoj.gov